```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


HECTOR L. BARRETO              :
                               :                 PRISONER
     V.                        :        CASE NO. 3:08CV1912 (AVC)
                               :
HARTFORD HOSPITAL, ET AL.      :
```

### RULING ON MOTIONS TO DISMISS

The plaintiff, Hector Barreto, commenced this action in state court. He contends that the defendants, Hartford Police Department and Hartford Hospital, failed to provide him with appropriate medical care after he suffered a stab wound to his left hand. The defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441, 1443 and 1446, and have filed motions to dismiss. For the reasons that follow, the Hartford Police Department's motion to dismiss is granted and Hartford Hospital's motion to dismiss is denied as moot.

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). There are two underlying principles to be considered when applying the "plausibility standard" to a complaint. Id. First, although "a court must accept as true all of the allegations contained in a

complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Even after the Supreme Court's decisions in Twombly and Iqbal, a court is "obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

**II. Facts**

Examination of the complaint reveals the following facts. On January 14, 2007, the plaintiff walked into the Hartford Hospital emergency room suffering from a three inch stab wound to his left hand. At some point after emergency room staff began to treat the plaintiff's wound, a hospital employee telephoned the Hartford Police Department to report that someone had been admitted to the hospital suffering from a stab wound. The plaintiff concedes that the hospital was required by law to inform the police of his stab wound.

The emergency room physicians informed the plaintiff that he had suffered severe damage to the muscles, tendons and nerves in his hand and that without an immediate operation, he could lose

the full use of his hand.  The plaintiff consented to the surgery.

At some point after the members of the Hartford Police Department arrived at the hospital, they placed the plaintiff under arrest.  The emergency room medical staff failed to operate on the plaintiff's hand prior to relinquishing custody of him to the Hartford Police Department.  The plaintiff lost fifty percent of the use of his hand because hospital medical staff did not perform surgery prior to his arrest.  The plaintiff asserts that the Hartford Hospital medical staff engaged in medical malpractice when they chose not to operate and repair the damage to his hand.  The plaintiff further alleges that the Hartford Police Department and Hartford Hospital violated his civil and federal constitutional rights and Hartford Hospital also engaged in medical malpractice and negligence and violated the American Medical Association's Code of Ethics.  He seeks monetary relief.

**III. Discussion**

Because the plaintiff asserts that the defendants violated his civil and constitutional rights, the court construes the complaint as a civil rights action brought pursuant to 42 U.S.C. § 1983.  The Hartford Police Department moves to dismiss all claims against it because it is not a legal entity subject to suit.  Hartford Hospital moves to dismiss all claims against it because the plaintiff has failed to comply with the statutory

pre-requisites for filing a medical malpractice complaint.  The plaintiff has not responded to either motion to dismiss.

### A.    Hartford Police Department

The plaintiff asserts that the conduct of the officers of the Hartford Police Department in arresting him prior to the completion of necessary treatment for the injury to his hand constituted cruel and unusual punishment in violation of his civil and constitutional rights.[1]  To state a claim under section 1983, the plaintiff must allege facts showing that the defendant, a person acting under color of state law deprived him of a federally protected right.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982).  A municipal police department is not a municipality.  Rather, it is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function.  See Nicholson v. Lenczewski, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (citing cases).  Because a municipal police department is not an independent legal entity, it is not subject to suit under section 1983.  See id.  Accordingly, the defendant Hartford Police Department's motion to dismiss is granted.

### B.    Hartford Hospital

The plaintiff concedes that Hartford Hospital was required to notify the Hartford Police Department when he sought treatment

---

[1] Plaintiff concedes, however, that the arrest was lawful.

4

in the emergency room for a stab wound to his hand, but claims that the medical staff of the Hospital should have performed the necessary surgery to repair the damage to his hand prior to releasing him to the custody of the Hartford Police Department. The plaintiff seeks monetary relief from Hartford Hospital for medical malpractice, negligence and violations of his civil and constitutional rights and the American Medical Association Code of Ethics.

As stated above, the plaintiff may not proceed against Hartford Hospital pursuant to section 1983 unless the hospital was a state actor or acting under color of state law.  "[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible' and ... 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Lugar, 457 U.S. at 937).  The first part of the inquiry requires the court to "identify[] the specific conduct of which the plaintiff complains." Id. at 51 (internal quotation marks and citation omitted).  Here, the plaintiff challenges the decision of Hartford Hospital emergency room employees not to perform surgery on his hand prior to his arrest and asserts that this conduct violated his civil and

constitutional rights.

To meet the second element of the inquiry, a plaintiff must demonstrate that the alleged infringement of federal rights by a private entity or person was "fairly attributable to the state." <u>Tancredi v. Metropolitan Life Ins. Co.</u>, 316 F.3d 308, 312 (2d Cir. 2003) (internal quotation marks and citation omitted). "For the conduct of a private entity to be fairly attributable to the state, there must be such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." <u>Flagg v. Yonkers Sav. and Loan Ass'n</u>, 396 F.3d 178, 187 (2d Cir. 2005) (internal quotation marks and citation omitted).

"Hartford Hospital [is] a private, non-profit hospital" and plaintiff does not allege that the hospital was a state actor or that it had any affiliation with the State of Connecticut. <u>Parkinson v. Hartford Hosp.</u>, Civil Action No. 3:08-CV-1892 (JCH), 2009 WL 2475336, *2 (D. Conn. May 28, 2009). The plaintiff has not alleged that the decision of the Hartford Hospital emergency room employees not to perform surgery on his hand before surrendering him to the custody of the Hartford Police Department was attributable to a rule or decision of the State of Connecticut or Hartford Police Department. <u>See</u> <u>Kia v. McIntyre</u>, 235 F.3d 749, 755-56 (2d Cir. 2000) (holding that the misdeeds of a private hospital in the provision of medical care is not state

6

action for purposes of 42 U.S.C. § 1983); Okunieff v. Rosenberg, 166 F.3d 507, 507 (2d Cir. 1999) (per curiam) (affirming district court's holding that involuntary commitment by private hospital and physicians pursuant to state statute does not convert conduct into state action for purposes of § 1983).

Because the plaintiff has failed to allege facts to suggest that Hartford Hospital was acting under color of state law when it failed to preform surgery to repair his hand, the claims against Hartford Hospital are dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).[2]  See Schlein v. Milford Hospital Inc., 561 F.2d 427 (2d Cir. 1977) (holding that a private hospital subject to state regulation cannot be sued under § 1983, absent a sufficient nexus between the state and the challenged action of the regulated hospital).

**C.   State Law Claim**

The plaintiff seeks monetary damages for negligence, medical malpractice and violations of medical ethics.  Supplemental or pendent jurisdiction over state law claims is a matter of discretion, not of right.  See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966).  Where all federal claims have been

---

[2] Regardless of whether the filing fee has been paid, a district court has the inherent power to dismiss a case or claims *sua sponte*. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir.2000) ("[D]istrict courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee ....").

7

dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts. See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases). Because the court has dismissed all of plaintiff's federal law claims, it will not exercise supplemental jurisdiction over any pendent state law claims.

**IV. Conclusion**

Hartford Police Department's motion to dismiss [**doc. #14**] is **GRANTED**. The claims against Hartford Hospital are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Hartford Hospital's Motion to Dismiss [**doc. #13**] is **DENIED AS MOOT**. The court declines to exercise jurisdiction over any state law claims.

SO ORDERED this 3rd day of November, 2009, at Hartford, Connecticut.

                                            / s /  
                                            Alfred V. Covello,  
                                            United States District Judge